IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-14-131 |
| | * | |
| KEVIN ALBERT BIGELOW | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Now pending is Kevin Albert Bigelow's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 268). Bigelow seeks relief on the basis that he suffers from hypertension and a glucose-6-phosphate dehydrogenase deficiency and that these conditions increase his risk of severe illness from COVID-19.

The court is not persuaded that Bigelow's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Bigelow includes with his motion medical records that support only his contention that he suffers from hypertension. His glucose deficiency appears to be self-diagnosed and at any rate does not appear on the CDC's list of risk factors for COVID-19. While the court does not doubt that Bigelow's hypertension impacts his life, the CDC's data collection shows that while hypertension "can make you more likely to get severely ill from COVID-19," see *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

medical-conditions.html (updated May 13, 2021), the scientific evidence supporting that conclusion is, at this time, "mixed, *see COVID-19: Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021). Absent evidence of other underlying conditions that make Bigelow particularly vulnerable to COVID-19, the court does not believe Bigelow's hypertension alone is grounds for compassionate release. *See United States v. Hicks*, No. CR JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020) (holding that a defendant's "self-reported asthma and hypertension . . . do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief").[2][3]

Accordingly, Bigelow's motion for compassionate release (ECF 268) is DENIED.

So Ordered this  5th   day of August, 2021.

                                                           /S/
                                                Catherine C. Blake
                                                United States District Judge

---

[2] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.

[3] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.